UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RACHEL HUNTSMAN AND DARRELL HUNTSMAN, | ) ) ) | |
| Plaintiffs, | ) ) | No. 3:19-cv-01088 |
| | ) | Judge Trauger |
| v. | ) ) | |
| SUMNER COUNTY JAIL, | ) ) | |
| Defendant. | ) ) | |

# MEMORANDUM

Rachel Huntsman filed a *pro se* complaint on behalf of herself and her husband Darrell Huntsman against the Sumner County Jail pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) She also filed an application to proceed in this court without prepaying fees and costs. (Doc. No. 5.) Both are now before the court.

**I.  Application for Leave to Proceed** *in Forma Pauperis*

The court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). It appears from Rachel Huntsman's *in forma pauperis* application that she cannot pay the full $400.00 filing fee in advance without undue hardship. Accordingly, the application will be granted.

**II.  Initial Review of the Complaint**

The court must conduct an initial review of the complaint and dismiss any action filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (holding the

screening procedure established by § 1915(e) also applies to *in forma pauperis* complaints filed by non-prisoners), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A. **Standard of Review**

In reviewing the complaint, the court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The court must then consider whether those factual allegations "plausibly suggest an entitlement to relief," *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)), that rises "above the speculative level," *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007). The court "need not accept as true legal conclusions or unwarranted factual inferences," *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (quoting *Gregory v. Shelby Cty.*, 220 F.3d 433, 446 (6th Cir. 2000)), and "legal conclusions masquerading as factual allegations will not suffice," *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Even under this lenient standard, however, *pro se* plaintiffs must meet basic pleading requirements and are not exempted from the requirements of the Federal Rules of Civil Procedure. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) (explaining the role of courts is neither

"to ferret out the strongest cause of action on behalf of *pro se* litigants" nor to "advis[e] litigants as to what legal theories they should pursue").

B.  **Factual Background**

Darrell Huntsman is incarcerated at the Sumner County Jail. (Doc. No. 1 at 4.) He has serious medical problems including HIV and Hepatitis C. (*Id*. at 4-5.) The complaint alleges that the staff at the Sumner County Jail have informed Darrell Huntsman that they "don't do treatment there." (*Id*. at 5-6.) It further alleges that the jail staff refuse to provide Darrell Huntsman with any treatment or medication for his medical conditions. (*Id*.) Rachel Huntsman believes that her husband is being "lock[ed] away like [a] dog[ ] and forgot[ten] about to die." (*Id*. at 7.)

C.  **Analysis**

The complaint reflects that Rachel Huntsman intends to bring an official capacity § 1983 claim against the staff of the Sumner County Jail on behalf of herself and her husband Darrell Huntsman. (*Id*. at 2.) The complaint must be dismissed for the following reasons.

The first question is whether Rachel Huntsman may bring her own § 1983 claim based solely on allegations concerning her husband. Courts generally recognize that a cause of action under § 1983 is "entirely personal to the direct victim of the alleged constitutional tort," and thus "only the purported victim . . . may prosecute a section 1983 claim." *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000) (citations omitted); *see also Jaco v. Bloechle*, 739 F.2d 239, 242 (6th Cir. 1984) (acknowledging that a cause of action under § 1983 "is a personal action cognizable only by the party whose civil rights ha[ve] been violated"). In other words, an individual typically cannot bring suit under § 1983 based on violations of a third person's constitutional rights. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("[T]he plaintiff must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.").

Further, "no cause of action may lie under section 1983 for emotional distress . . . or any other consequent collateral injuries allegedly suffered personally by [a] victim's family members." *Claybrook*, 199 F.3d at 357. Here, the complaint alleges only the failure to provide medical treatment to Darrell Huntsman. This is not a sufficient basis for Rachel Huntsman to bring a personal § 1983 claim. Rachel Huntsman's § 1983 claim must therefore be dismissed.

The second question is whether Rachel Huntsman may bring a § 1983 claim on her husband's behalf. This is an issue of standing. *See Oliver v. Pogats*, No. 91–1717, 1992 WL 76951, at *1 (6th Cir. Apr. 13, 1992); *Coleman v. Indymac Venture, LLC*, 966 F. Supp. 2d 759, 769-70 (W.D. Tenn. 2013) (adopting report and recommendation). Lack of standing implicates the case-or-controversy requirement of Article III of the Constitution. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Parties are authorized by 28 U.S.C. § 1654 to proceed *pro se*. While this statute "permits individual parties to 'plead and conduct their own cases personally or by counsel,' [it] does not authorize a non-attorney to bring suit on behalf of a third person." *Cole v. Robertson Cty. Sheriff's Dep't*, No. 3:18-cv-0497, 2018 WL 3328075, at *2 (M.D. Tenn. July 6, 2018) (citing *Coleman*, 966 F. Supp. 2d at 769 ("The federal courts have long held that Section 1654 preserves a party's right to proceed *pro se*, but only on his own claims; only a licensed attorney may represent other persons.")); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (explaining that § 1654 does not permit plaintiffs to appear *pro se* where interests other than their own are at stake). Thus, a *pro se* plaintiff who alone signs a complaint typically does not have standing to advance *pro se* claims on a family member's behalf. *Oliver*, 1992 WL 76951, at *1; *Cole*, 2018 WL 3328075, at *2; *Coleman*, 966 F. Supp. 2d at 769-70. Here, Rachel and Darrell Huntsman are listed as plaintiffs in the *pro se* complaint. However, only Rachel Huntsman signed the complaint. Rachel

Huntsman cannot represent Darrell Huntsman, and therefore does not have standing to sue on his behalf. Accordingly, the § 1983 claim brought by Rachel Huntsman on behalf of Darrell Huntsman must be dismissed.

**III.    Conclusion**

For the reasons explained above, Rachel Huntsman's *in forma pauperis* application will be granted. The Court concludes that the § 1983 claims in the complaint must be dismissed. However, dismissal of the § 1983 claim brought on behalf of Darrell Huntsman will be without prejudice. Should Darrell Huntsman wish to assert his own § 1983 claim, he may obtain and complete a form *pro se* prisoner civil rights complaint, sign it, and submit it to the Clerk of Court.

An appropriate order will enter.

_____
Aleta A. Trauger
United States District Judge